## A. ZIMMERMAN v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

May 17, 1918.

No. 20,837.

**Carrier — when presumption of negligence does not apply.**

   The presumption of negligence on the part of a common carrier arising from a showing of the sound condition of the property at the time of shipment and the injured and damaged condition thereof at destination, does not apply to a case where under the transportation contract the shipper by himself or agent accompanies the shipment for the purpose of taking care of the property in transit, the cause of the injury not being shown to be a matter outside the duties and obligations of the caretaker, or in respect to a matter of which his presence did not relieve the carrier from the obligations imposed upon him by law.

Action in the municipal court of Minneapolis to recover $250 for hogs which were lost, killed or stolen while in course of transportation. The answer after setting forth the shipping contract alleged that any loss which had occurred had been caused by plaintiff's negligence. The case was tried before Bardwell, J., who at the close of the testimony denied defendant's motion to dismiss the action and its motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $125, and interest. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

   C. W. Bunn and D. R. Frost, for appellant.
   John P. Devaney and H. R. Hewitt, for respondent.

   [1]Reported in 167 N. W. 546.

BROWN, C. J.

Plaintiff shipped a carload of hogs over defendant's line of road from Wibaux in the state of Montana, to South St. Paul in this state. It was an interstate shipment and the transportation was under a special contract at rates lower than those prescribed by the Interstate Commerce Commission, based upon a specified valuation of the hogs, and other special stipulations. The contract provided, among other things, that the railroad company should not be liable for injury to or loss of the hogs unless the same was caused by its negligence, and further that: "The shipper will load, unload, care for, feed and water the stock while in the possession of the company, and will furnish to go with the stock for that purpose one or more attendants according to the rules of the company."

Plaintiff provided such an attendant who on transportation furnished by the company accompanied the shipment to destination, and for the purpose of performing the obligations imposed upon the shipper by this provision of the contract. Plaintiff claimed that 101 hogs were loaded, and that the car in which they were transported contained that number when it was turned over to defendant for shipment. There were only 90 hogs in the car when it reached its destination at South St. Paul.

This action was brought to recover the value of the missing hogs, on the claim that they were lost in transit through the negligence of defendant. Plaintiff had a verdict and defendant appealed from an order denying its motion for judgment or a new trial.

Plaintiff claimed on the trial, in harmony with the allegations of the complaint, that 11 hogs were missing when the shipment reached its destination, and his evidence, aside from the number of hogs delivered at shipping point, tended to show that fact only. There was no evidence as to what happened to the missing animals in transit. It was not shown that the car was defective and that the hogs thus escaped, or as to how, when or where they got away. The caretaker who accompanied the shipment as a representative of plaintiff was not called as a witness, nor was his freedom from fault shown. Defendant made no attempt to account for the loss of the hogs, relying on its defense that only 90 were loaded, and that plaintiff was mistaken in his claim of 101.

Plaintiff rested his case on the general rule, applicable to all contracts of transportation by common carriers where no caretaker accompanies the same, that by a showing of sound condition of the subject matter of transportation when delivered to the carrier and loss or injury at destination, a prima facie case of negligence on the part of the carrier is made out, casting upon him the burden of going forward with the evidence and establishing his freedom from fault. The trial court so instructed the jury, to which defendant excepted. The instruction is assigned as error and the correctness thereof is the only question requiring consideration.

The contention of plaintiff that the rule stated applies to and controls the case is not sustained by the authorities. The prevailing doctrine in cases like that at bar, where the shipper by the contract agrees to and does send a caretaker with the shipment to care for the property in transit, is that the carrier is thereby relieved from the special care of the property, the burden thereof being thus assumed by the shipper, and to justify a recovery for loss or damage the shipper must produce some evidence of negligence in fact on the part of the carrier. 4 Elliott, R. R. § 1549; 3 Hutchinson, Carriers, p. 1608; Michie, Carriers, § 2085; Southern Ry. Co. v. Prescott, 240 U. S. 632, 36 Sup. Ct. 469, 60 L. ed. 836, and numerous citations found in 10 C. J. 381, et seq.

The general rule relied upon by plaintiff has its foundation in the fact that the subject matter of the transportation contract is committed to the exclusive possession of the carrier, and he alone is in position to know and to disclose the cause of injury thereto while in transit. The shipper is wholly without such knowledge, and must submit to his loss, unless the carrier be required by the law to explain the occasion thereof and to exonerate himself from blame. Hence the presumption of negligence upon a showing of injury to the property at destination. But where the shipper undertakes to care for the property in transit and for that purpose accompanies the shipment, the basis of the presumption is gone. In such case the shipper presumptively has equal knowledge of the cause of injury, except perhaps where it arises out of matters beyond his control, and he should at least come forward and exonerate himself from fault. Such was the view of the court in the case of Cole v. Minneapolis, St. P. & S. S. M. Ry. Co. 117 Minn. 33, 134

N. W. 296. That case does not support plaintiff's contention in the case at bar. Neither does McGrath v. Northern Pac. Ry. Co. 121 Minn. 258, 141 N. W. 164, L.R.A. 1915D, 644. Here a part of the shipment mysteriously disappeared in transit, with no explanation, though the shipper's agent had charge thereof until it reached its destination. In such a case we are clear that no presumption of due care on the part of the caretaker can be invoked, nor a presumption of negligence indulged against the carrier in respect to the care and attention of which he was relieved by the presence of the caretaker.

We do not stop to consider the question whether the rule, as broadly stated in some of the books, would apply to a case wherein the negligence charged in the complaint, as in the Cole case, arose out of matters over which the caretaker had no control or duty to perform, such as the management and operation of the train, equipment and transportation facilities, and similar matters in respect to which the presence of the caretaker in no manner relieved the carrier from the usual obligations imposed upon him by law. Mosteller v. Iowa Central Ry. Co. 153 Iowa 390, 133 S. W. 748. It is probable under the rule of the Cole case a presumption of negligence would arise as to such matters.

The fact that a company employee unloaded the stock at an intervening station has no particular bearing on the case. If that evidence shows anything it is that the loss of the hogs occurred before the train reached the point at which they were so unloaded. The evidence of the employee so unloading the animals that there were only 90 hogs then in the car is undisputed.

For the reasons stated there must be a new trial. It is not a case for judgment notwithstanding the verdict.

Order reversed.